A. P. NICHOLS, Appellant, v. A. A. ROBERTS ET AL.

**Mechanics liens:** PLEADING: VARIANCE. In an action to establish a mechanics lien the allegations of the answer that plaintiff was to give a guaranty with surety or sureties to the satisfaction of the owner is supported by proof that plaintiff was to furnish a guaranty satisfactory to the owner.

**Building contracts:** GUARANTY. The agreement of a contractor to furnish a guaranty against leakage in the roof of a building is not substantially performed by constructing a roof to which no present objection is made, for the guaranty itself may be valuable.

**Mechanics liens:** TENDER: DECREE. In this action the plaintiff is seeking to establish a mechanics lien for constructing the roof of a building, and defendant tendered into court the balance due plaintiff on condition that he furnish the guaranty provided for in his contract. *Held,* that the decree should order payment of the sum tendered to the clerk to be turned over to plaintiff upon his furnishing the guaranty, or upon the lapse of the stipulated period in case there was no breach in the contract.

*Appeal from Dallas District Court.*—HON. EDMUND NICHOLS, Judge.

FRIDAY, OCTOBER 22, 1909.

ACTION to establish a mechanic's lien. The petition was dismissed, and plaintiff appeals. *Modified and affirmed.*

*A. L. Steele,* for appellant.

*Giddings & Winegar,* for appellees.

LADD, J.—The plaintiff was doing business in the name of Nichols Roof Company, and in October, 1907, made a proposition to A. A. Roberts to put a gravel roof on a building the latter was erecting for Winner & Williams at Perry, Iowa. The bid was accepted and the roof placed according to the contract. The price agreed upon was $275, and there was an extra of $4.50; and on this $175 has been paid. The specifications in the contract for the erection of the building required Roberts to furnish a guaranty to Winner & Williams which should be satisfactory to them, and the defendants alleged that this was one of the conditions of Roberts' contract with plaintiff, while plaintiff insisted that he was merely to furnish a guaranty that the roof "is hereby guaranteed against leakage arising from ordinary tear and wear for seven years from date," signed by himself.

The only dispute is concerning the character of the guaranty to be given. Plaintiff tendered one in the form mentioned, signed by "Nichols Roof Company," and this was objected to because of lack of responsibility. The District Court found that, under the agreement, plaintiff was to furnish a guaranty satisfactory to the owners, and this is amply supported by the evidence. Roberts testified that when the bid was made he informed plaintiff that a guaranty satisfactory to the owners must be furnished, and that he introduced plaintiff to Winner, to whom this statement was repeated. His testimony is confirmed by that of Winner, and the acceptance of the bid two weeks later by Roberts undoubtedly was on the conditions previously discussed, and this must have been understood by the plaintiff, although he testified that he was merely to furnish a guaranty in the form mentioned, signed by himself. The appellee argues that this was not a guaranty in form, but no objection was made to

1. MECHANICS
LIENS:
pleading:
variance.

it on that ground. Appellant urges that, as the answer set up that the guaranty was to be with "surety, or sureties, all to the satisfaction of the owners," the evidence does not support the petition. Evidently the provision of the statute that no more need be proven than enough to establish the defense was overlooked in making this contention.

Nor can it be said that the agreement to furnish a guaranty was substantially performed by constructing a roof to which no present exception was taken. For all that appears the guaranty may be quite as valuable as the roof itself, and whether it is cannot well be ascertained prior to the end of the stipulated period.

2. BUILDING CONTRACTS: guaranty.

In his answer defendant Roberts tendered the payment of the balance of $104.50 into court for the use of plaintiff, upon the furnishing by plaintiff of the guaranty according to his contract, and the appellant complains of the decree because of the omission to make any provision with reference to the sum so tendered. The only response to this criticism is that the point was not made in the District Court. We scarcely see how the question could have been touched, as it was not an issue in the trial, and could not appear save in the form of the decree entered. As defendant tendered the money into the court, there is no reason for not exacting its payment to and retention by the clerk, to be paid over to the plaintiff upon furnishing a guaranty such as had been agreed to, or, if there be no breach, at the lapse of the period stipulated. With this modification the decree will be affirmed, with the costs taxed to plaintiff.—*Modified* and *affirmed*.

3. MECHANICS LIENS: tender: decree.